NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-771

COMMONWEALTH

vs.

SKYZEN ENCARNACION.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Skyzen Encarnacion, was charged with second degree murder, G. L. c. 265, § 1, and illegal possession of a firearm, G. L. c. 269, § 10 (a). After a jury trial, he was acquitted of the murder charge and found guilty of the firearm possession charge. The defendant contends that the Commonwealth's failure to introduce evidence that he had no firearm license rendered the trial evidence insufficient. Following the Supreme Judicial Court's recent decision in Commonwealth v. Crowder, 495 Mass. 552 (2025), we agree.

The facts are known to the parties. We do not detail them here because the resolution of this appeal is dictated by its procedural posture and by a recent decision of the Supreme

Judicial Court.  The defendant was tried in late March and early April 2023, after the United States Supreme Court issued New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), and days before the Supreme Judicial Court issued the first of its two Guardado opinions.  Commonwealth v. Guardado, 491 Mass. 666 (Guardado I), S.C., Commonwealth v. Guardado, 493 Mass. 1 (2023) (Guardado II).  The question posed by this case, and decided in Crowder, is how developments in firearms law affect cases tried during this interim period.  See Crowder, 495 Mass. 552.

In Guardado I, the court ruled that, after Bruen, the Commonwealth bore the burden of demonstrating that "the defendant in fact failed to comply with the licensure requirements for possessing a firearm."  Guardado I, 491 Mass. at 690.  The Supreme Judicial Court then determined in Guardado II that double jeopardy did not bar retrial in cases tried before Bruen was issued.  Crowder, 495 Mass. at 559, citing Guardado II, 493 Mass. at 7.  In Crowder, the court held that "a new trial is the proper remedy for defendants who were convicted under G. L. c. 269, § 10 (a), after the Supreme Court decided Bruen but before this court decided Guardado I."  Crowder, supra at 559.  The court reasoned that "neither the trial court nor the Commonwealth was sufficiently on notice as to the effect of Bruen on our existing characterization of licensure as an affirmative defense."  Crowder, 495 Mass. at 563.

2

This holding dictates the outcome of this case.  We are not persuaded by the Commonwealth's contention that its evidence that the defendant was under twenty-one years old, and therefore a "prohibited person" under the firearms licensing scheme, was an adequate proxy for proof of his lack of licensure.  Absent any jury instruction on the elements of licensure -- which was not given here -- the jury could not have made this finding.  After Guardado and Crowder, this finding was the jury's to make, and we may not make it for them.[1]

---

[1] Defense counsel's statement in opening that the defendant was "guilty of not having a license to carry a firearm" similarly did not operate as proof of the defendant's nonlicensure, nor render any error harmless.  Statements of counsel are not evidence, Commonwealth v. Gomez, 495 Mass. 688, 699 (2025), and there was no stipulation to the defendant's lack of licensure.  Accordingly, the jury did not have sufficient evidence to convict the defendant of the crime of which he was convicted.

Accordingly, the judgment is vacated, the verdict is set aside, and the case is remanded for a new trial.

<u>So ordered</u>.

By the Court (Sacks, Hershfang & Tan, JJ.[2]),

Clerk

Entered: June 2, 2025.

---

[2] The panelists are listed in order of seniority.